ON REHEARING
BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant was indicted for carnal knowledge against the order of nature. He was convicted and sentenced to ten years imprisonment. He appealed and the cause was affirmed by this court without an opinion on April 19, 1977.
It appears from the record that defendant, an indigent here and below, was represented at nisi prius by an appointed attorney who was diligent in representing him, but the jury was convinced beyond a reasonable doubt of his guilt. This attorney gave notice of appeal and procured and filed a free transcript covering about 175 pages. He also filed a petition (signed by the attorney) for appointment of counsel to represent appellant on this appeal.
The appointment was never made, we presume, because the defendant wrote a letter to the circuit clerk, wherein he directed:
“And I do not want Mr. B. F. Lovelace fileing (sic) my appeal! I’ll do it myself. I will appreciate your help and your answer soon.”
Now, on April 22, 1977, appellant has filed an instrument pro se which purports to be an application for a rehearing, which *509 we will so treat, although it is not designated as such.
He contends that he was never advised that he would be tried in the State court. We know of no law which requires that defendant be advised. Petitioner contends:
“. . . that a resent (sic) Supreme Court Ruleing (sic) say (sic) that a disciplinary of and (sic) inmate cannot be brought to court and used against a (sic) inmate in a free world court.”
We presume that petitioner refers to his fellow convicts or prisoners being used against him. We know of no such law in Alabama.
Next, petitioner complains:
“That the State did have a copy of petitioner (sic) disciplinary in court, wavering (sic) it around in front of the Jury, and there was an argument concerning the confession right in front of the Jury (Transcrip (sic) page 130) Every Jury’s (sic) overheard every word that was said about the disciplinary (confession) and that alone give (sic) petitioner a (sic) unfair trial . .
We have examined the transcript, page 130, and find that the attorney for the State obtained permission of the court to approach the bench. Whereupon, a whispered conversation outside the presence and hearing of the jury occurred. There is nothing in the record that indicates the jury heard any part of the conversation. The record does not show the subject of the conversation.
Petitioner now requests that counsel be appointed to represent him; that he has no funds.
We decline. Appellant elected to represent himself on this appeal; we will not disturb this election. However, we have carefully searched the record for any error that was prejudicial and have found none.
We think this application for a rehearing is without merit. It is overruled and denied.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.